IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01937-WYD

JESUS VILLALTA SANCHEZ,

    Petitioner,

v.

JOHN LONGSHORE, in his official capacity as Field Office Director,
Immigration and Customs Enforcement; and

MICHAEL CHERTOFF, Secretary of Homeland Security,

    Respondents.

# ORDER

I.    INTRODUCTION

THIS MATTER comes before the Court on the Petitioner's Verified Petition for Writ of Habeas Corpus and Emergency Request for Stay of Deportation (docket #1), filed September 10, 2008. On September 18, 2008, I held a hearing on the petition and the request for stay of deportation. After hearing arguments from both parties at the hearing, I ordered the parties to submit supplemental briefing to the Court as to whether I have jurisdiction over this matter. After reviewing the parties' submissions to the Court, I find that I have no jurisdiction over Petitioner's request for a stay of deportation pending a ruling on his application for derivative Temporary Protected Status ("TPS") pursuant to 8 U.S.C. § 1252(a). However, I do find that I have jurisdiction over Petitioner's challenge to detention.

II.	BACKGROUND

By way of background, on September 10, 2008, Petitioner Jesus Villalta Sanchez filed a verified habeas petition pursuant to 28 U.S.C. § 2241 seeking his release from custody on grounds that he is entitled to release pending approval of his derivative application for TPS. Petitioner is a native and citizen of El Salvador, who has been detained by United States Immigration and Customs Enforcement ("ICE") since September 14, 2007. In 1990, Petitioner entered the United States. After arriving in the United States, Petitioner applied for asylum, however, his application was denied. In 1991, Petitioner was placed in deportation proceedings. On June 18, 1992, Petitioner was granted voluntary departure by an immigration judge in Denver, Colorado. Petitioner appealed that decision to the Board of Immigration Appeals, which dismissed his appeal on March 31, 1999. Petitioner did not leave the United States. Thus, Petitioner is under a final order of removal and has no legal status to remain in the United States. Since Petitioner is under a final order of removal, ICE has been attempting to remove him from the United States. However, ICE has not been able to deport the Petitioner due to his lack of cooperation with ICE officials. Specifically, because Petitioner has refused to provide necessary information as well as his signature on the application, ICE has been unable to procure a travel document from the El Salvadoran consulate, which is necessary to effect his removal there.

In 2001, Petitioner applied for TPS in the United States Citizenship and Immigration Service. The application was never granted, and at the September 18, 2008 hearing before me, Petitioner stated that his former attorney has been unwilling or

unable to provide information concerning his initial TPS application. On June 23, 2008, Petitioner filed a new TPS application alleging that he is a derivative beneficiary of his wife, who has TPS. In the instant petition, Petitioner alleges that ICE is attempting to deport him to El Salvador, despite the fact that he has a pending application for TPS. Thus, Petitioner requests an immediate stay of deportation and an order permitting him to remain out of custody pending a final decision on his most recent TPS application.

III.     ANALYSIS

In its supplemental briefing to the Court, the Government argues that this Court lacks jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a). Specifically, the Government states that the "petitioner is seeking to essentially invalidate the [final removal] order by seeking a stay of that order to pursue an application for Temporary Protected Status (8 U.S.C. § 1254a)." (Gov't Br. at 2.) On the other hand, Petitioner argues in his briefing that this Court has jurisdiction over this matter "because he is not directly challenging an order of removal." (Pet'r Br. at 1.) Petitioner claims that he is merely challenging his deportation pending his latest TPS application, which if approved, would grant him temporary legal status in the United States. After reviewing the relevant statutory and case authority, I agree with the Government.

Plaintiff cites *Nnadika v. Attorney General of the United States*, 484 F.3d 626 (3rd. Cir. 2007) in support of his arguments. I find that while many of the facts in *Nnadika* are analogous to the instant case, the Third Circuit's opinion actually supports my finding that I do not have jurisdiction over Petitioner's request for a stay of the removal order pending a ruling on his application for TPS. In *Nnadika*, the Petitioner

filed a petition in the district court seeking to enjoin the respondents from removing him and seeking reconsideration of his form I-730 Asylee Relative Petition. *Id.* at 628. The petitioner was denied asylum by an Immigration Judge, and his subsequent appeal was dismissed as untimely. *Id.* Similar to the case at hand, the petitioner did not voluntarily leave the United Stated as ordered by the Immigration Judge. Instead, he remained in the United States and married a woman who had been granted asylum by an Immigration Judge on March 19, 1998. *Id.* The district court denied petitioner's petition for habeas corpus insofar that it challenged his detention and transferred the remainder of the petition to the Third Circuit Court of Appeals pursuant to the REAL ID ACT. *Id.* at 629-30. The Third Circuit held that "[o]n its face, Nnadika's Petition/Complaint does appear in part to challenge the order of removal, a challenge that would fall within our jurisdiction." *Id.* at 633. However, distinguished from the facts of the instant case, the Third Circuit found that the situation changed on appeal in that the government asserted that petitioner did not challenge a final order of removal.

Turning to my analysis, I note that pursuant to 8 U.S.C. § 1252(a)(5) ("REAL ID Act"), authority to consider a challenge to a final order of removal is within the sole and exclusive jurisdiction of the circuit courts. *See Schmitt v. Maurer*, 451 F.3d 1092, 1094 (10th Cir. 2006). "Congress's clear intent in passing the REAL ID Act was to have all challenges to removal orders heard in a single forum: the courts of appeals." *Lin v. Chertoff*, 522 F. Supp. 2d 1309, 1313 (D. Colo. 2007) (citations omitted). "Thus, the present challenge is subject to the jurisdictional limitation of § 1252(a)(5)." *Id.* (citing *Essuman v. Gonzalez*, 203 Fed.Appx. 204, 211-12 (10th Cir. 2006) (holding that a

challenge to detention that is intertwined with a removal order should be considered as a challenge to the removal order for § 1252(a)(5) jurisdictional purposes).

Here, the Government asserts that the Petitioner is challenging a final order of removal. I agree. It is undisputed that the Petitioner is under a final removal order that ICE is attempting to execute. In his petition, Petitioner requests that I stay the final removal order pending a ruling on Petitioner's latest TPS application. Thus, I find that this petition is a challenge to the final removal order, over which I do not have jurisdiction pursuant to the REAL ID Act. Therefore, I am unable to consider the merits of Petitioner's claim for relief, and this portion of the case should be dismissed without prejudice.

Turning to the issue of detention, the Tenth Circuit has held that "the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal. However, the Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention." *Ferry v.* Gonzalez, 457 F.3d 1117, 1131 (10th Cir. 2006). Here, Petitioner filed a petition requesting both a stay of his final removal order as well as his continued detention in ICE custody. Thus, while I find that I have no jurisdiction over challenges to the removal order itself, I find that I have jurisdiction over Petitioner's challenge to detention.

8 U.S.C. § 1231 provides the statutory authority for the detention and removal of aliens ordered removed. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court interpreted this statutory language to extend the 90-day period of detention to encompass not only a 6-month presumptive period but one that could exceed it. *Id.* at

701. The Court held that "after this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Thus, the alien bears the burden of showing that removal is not likely in the foreseeable future. *Id.*; *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (pendency of judicial challenge to removal order precluded finding that removal not reasonably foreseeable).

Here, ICE has been attempting to deport the Petitioner but has been unsuccessful due to the Petitioner's lack of cooperation. In fact, at the September 18, 2008 hearing before me, Petitioner's counsel confirmed the fact that the Petitioner has been uncooperative upon the advice of counsel in order to obstruct or delay his deportation. Thus, even though Petitioner has been detained in ICE custody for a period exceeding 6-months, I find that he has not satisfied his burden of showing that removal is not likely in the foreseeable future. Had the Petitioner cooperated with ICE officials, he likely would have already been deported and thus no longer in detention. Therefore, I find that Petitioner's detention is lawful pursuant to 8 U.S.C. § 1231(a), which requires detention during the removal period. Accordingly, Petitioner's challenge to detention is denied.

IV.  CONCLUSION

Based on the foregoing, it is

ORDERED that I have no jurisdiction over Petitioner's request for a stay of deportation pending a ruling on his application for derivative Temporary Protected

Status ("TPS") pursuant to 8 U.S.C. § 1252(a).  Thus, this portion of the case is **DISMISSED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that Petitioner's challenge to detention is **DENIED**.  In accordance therewith, this case is **DISMISSED** in its entirety.

Dated:  September 29, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge